FILED
At Albuquerque NM

JUN 3 0 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 16-2922 JCH |
| ) | |
| vs. ) | Count 1: 21 U.S.C. §§ 841(a)(1) and |
| ) | (b)(1)(B): Distribution of 5 Grams and |
| CARLOS ANDERSON, ) | More of Methamphetamine; |
| ) | |
| Defendant. ) | Count 2: 18 U.S.C. §§ 922(g)(1) and |
| ) | 924(a)(2): Felon in Possession of a |
| ) | Firearm and Ammunition. |

INDICTMENT

The Grand Jury charges:

Count 1

On or about May 12, 2016, in Bernalillo County, in the District of New Mexico, the defendant, **CARLOS ANDERSON,** unlawfully, knowingly and intentionally distributed a controlled substance, 5 grams and more of methamphetamine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Count 2

On or about May 12, 2016, in Bernalillo County, in the District of New Mexico, the defendant, **CARLOS ANDERSON**, having previously been convicted of the following felony crimes punishable by imprisonment for a term exceeding one year:

(1) vandalism,

(2) aggravated burglary,

(3) failure to appear in a felony case, and

(4)     burglary,

knowingly possessed, in and affecting commerce, a firearm, a Smith & Wesson, model 66-2, .357 Magnum caliber revolver, serial number AJA9687.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE ALLEGATION

Count 1 of this Indictment is re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to 21 U.S.C. § 853.

Upon conviction of any offense in violation of 21 U.S.C. § 841, the defendant, **CARLOS ANDERSON**, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which he is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses.

The property to be forfeited to the United States includes but is not limited to the following:

MONEY JUDGMENT

   A sum of money of approximately $550.00 in U.S. currency equal to the amount of proceeds obtained as a result of the offense in Count 1.

SUBSTITUTE ASSETS

   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

                      A TRUE BILL:

                      /s/
                      FOREPERSON OF THE GRAND JURY

*[signature]*
Assistant United States Attorney

*KAB*  06/28/16  3:48PM

3